IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MISAEL TELLEZ-SOLORZANO, | § | |
| | § | |
| Movant, | § | |
| | § | NO. 3:18-CV-1344-O |
| vs. | § | (NO. 3:15-CR-361-O) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Misael Tellez-Solorzano, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 3:15-CR-361-O, and applicable authorities, finds that the motion should be dismissed as barred by the statute of limitations.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On August 18, 2015, Movant was named in a one-count indictment charging him with illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). CR Doc.[1] 1. Movant and his counsel signed a factual resume setting forth the elements of the offense, the maximum penalties Movant faced, and the stipulated facts establishing that Movant had committed the offense. CR Doc. 18. Movant and his counsel also signed a consent to the United States Magistrate Judge conducting the proceedings required by Federal Rule of Criminal Procedure 11 incident to making a plea of guilty. CR Doc. 22.

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 3:15-CR-361-O.

At his re-arraignment, Movant testified under oath, through a Spanish to English interpreter, that: he understood that he should never depend or rely upon any statement or promise by anyone as to what the punishment would be in his case, his plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind, and that his plea must be voluntary, made only because he was guilty and for no other reason; the Court would not be bound by any stipulated facts and could take into account other facts; he received a copy of the indictment and understood it; he committed all of the essential elements of the offense; he had discussed the facts surrounding the case and how the sentencing guidelines might apply with his attorney, and he was satisfied with the representation and advice he had received; no one had made any promise or assurance to him in an effort to induce him to plead guilty; he understood that he faced a term of imprisonment not to exceed 20 years if his was removal was subsequent to the commission of an aggravated felony, not to exceed 10 years if his removal was subsequent to a conviction for a commission of three or more misdemeanors that involved drugs or crimes against a person, or both, a felony other than an aggravated felony, or occurred during an undischarged term of imprisonment, not to exceed 10 years if he was deported because of terrorist activities, and not to exceed 2 years in all other circumstances; and he read and signed the factual resume and all of the facts stated were true.  CR Doc. 44. The Magistrate Judge recommended that the plea be accepted. CR Doc. 23.  No objections were filed to the recommendation, which the Court accepted. CR Doc. 24.

Applying the 2015 United States Sentencing Guidelines Manual, the probation officer prepared the presentence investigation report ("PSR"), which reflected that Movant's base offense level was 8.  CR Doc. 25-1, ¶¶ 23-24.  Movant received a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was previously deported from the United States in 2006 subsequent

to being convicted of kidnapping, a crime of violence, in Case No. F-0669603 in Dallas County, Texas. *Id.* ¶¶ 25, 36. A total of 3 levels were deducted for acceptance of responsibility. *Id.* ¶¶ 31-32. Based on a total offense level of 21 and a criminal history category of V, Movant's guideline imprisonment range was 70 to 87 months. *Id.* ¶¶ 33, 41, 70. Movant objected to the PSR, arguing that he was subject to only a maximum term of imprisonment of two years and one year of supervised release because the indictment did not allege that he had a prior conviction that would result in an increased maximum term of imprisonment. CR Doc. 26. The probation officer prepared an addendum to the PSR, in which it addressed Movant's objection. CR Doc. 29-1. Movant filed a clarification to the PSR, which did not affect the guideline sentencing range, and the probation officer prepared a second addendum to the PSR accepting the clarification. CR Docs. 32, 33-1.

At sentencing, the Court overruled Movant's objection to the PSR, and adopted the probation officer's fact findings and conclusions in the PSR and the addendum. CR Doc. 45 at 4. Movant was sentenced to a term of imprisonment of 78 months, to be followed by three years of supervised release. *Id.* at 8; CR Doc. 36 at 2. His conviction and sentence were affirmed on direct appeal. *United States v. Tellez-Solorzano*, 671 F. App'x 939 (5th Cir. 2016) (per curiam). The Supreme Court denied his petition for a writ of certiorari on April 24, 2017. *Tellez-Solorzano v. United States*, 137 S. Ct. 1830 (2017).

## II. GROUNDS OF THE MOTION

Movant asserts one ground in support of his motion. He claims that, under the Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his prior state conviction for kidnapping "no longer qualifies as a predicate that resulted in a sixteen level enhancement based

3

from a statute that is void for vagueness and invalid[.]" Doc.[2] 2 at 4.

### III.   TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, Movant's conviction and sentence became final on April 24, 2017, when his petition for a writ of certiorari was denied by the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 525 (2003). He did not file his § 2255 motion until May 15, 2018, when he placed the motion in the prison mailing system. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) ("Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system."); Doc. 2 at 13. In the "timeliness of motion" section of the § 2255 form he submitted, Movant states, "In light of a rendered ruling in Dimaya v. Sessions,

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

Case No. 15-1498 (4/17/18) in the Supreme Court, this substantive ruling is retroactive and now allows [Movant] to file a § 2255(f)(3) Petition within a one-year timeframe from when the Supreme Court rendered their ruling[.]" Doc. 2 at 12.  He relies on § 2255(f)(3) in claiming that his § 2255 motion is timely.  *See id.*

In *Dimaya*, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16, as incorporated into 8 U.S.C. § 1101(a)(43)(F) of the Immigration and Naturalization Act, was unconstitutionally vague and violated the Due Process Clause of the Fifth Amendment.  *Dimaya*, 138 S. Ct. at 1210, 1215-16.  The unconstitutional residual clause of §16 defined "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[3]  18 U.S.C. § 16(b).  Assuming, for purposes of this motion only, that *Dimaya* set forth a newly recognized right that is retroactively applicable to cases on collateral review,[4] its holding does not apply to Movant's conviction and sentence.

Under the 2015 United States Sentencing Guidelines Manual applicable to Movant's sentence, Movant received a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  CR Doc. 25-1, ¶ 25.  Section 2L1.2(b)(1)(A) provides, in relevant part:

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is . . . (ii) a crime of violence . . .increase by

---

[3] The elements clause of §16, which was was not challenged in *Dimaya*, defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).

[4] The Court notes that, in a per curiam decision, the Fifth Circuit "rejected the argument that [*Dimaya*] is by itself retroactively available on collateral review." *In re Hall*, 979 F.3d 339, 346 (5th Cir. 2020) (citing *Pisciotta v. Harmon*, 748 F. App'x 634, 635 (5th Cir. 2019) ("*Dimaya* did not address whether its holding might apply retroactively on collateral review of a criminal conviction . . . .") (per curiam)).

>       16 levels if the conviction receives criminal history points under Chapter
>       Four. . . [.]

U.S.S.G. § 2L1.2(b)(1)(A) (2015). For purposes of this section, "crime of violence" is defined as "any of the following offenses under federal, state, or local law: murder, manslaughter, *kidnapping* . . ., or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. 1(B)(iii) (2015) (emphasis added).

Contrary to Movant's allegations, not only is kidnapping expressly listed as a crime of violence under § 2L1.2(b)(1)(A)(ii), but the definition of "crime of violence" challenged and deemed unconstitutional in *Dimaya*, i.e., the residual clause of § 16(b), is neither utilized, incorporated, nor implicated in § 2L1.2(b)(1)(A)(ii).[5] Rather, in addition to the enumerated offenses, of which kidnapping is one, § 2L1.2(b)(1)(A)(ii) includes a definition of "crime of violence" nearly identical to § 16(a), which was not challenged in *Dimaya* and has not been deemed unconstitutional. *Dimaya* is therefore inapplicable to Movant's § 2255 challenge to his 16-level sentence enhancement. *See, e.g.*, *Cardoza-Marroquin v. United States*, Nos. 7:19-cv-00135, 7:15-cr-00499, 2019 WL 7040800, at *7-8 (S.D. Tex. Nov. 15, 2019) (finding that § 2255 motion was untimely where *Dimaya* did not factually apply to movant's case and movant failed to demonstrate an asserted right), *rec. adopted*, 2019 WL 7037398 (S.D. Tex. Dec. 20, 2019); *Sierra-Jaimes v. Shultz*, No. 2:18-CV-435, 2019 WL 3937678, at *3 (S.D. Tex. July 29, 2019) (concluding that *Dimaya* had no effect on movant's sentence or the definition of "crime of violence" under the sentencing guidelines), *rec. adopted*, 2019 WL 3936134 (S.D. Tex. Aug. 19,

---

[5] The guidelines definition for "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C) (2015) incorporates the "crime of violence" definition from §16, including the residual clause deemed unconstitutional by *Dimaya*. *See* U.S.S.G. § 2L1.2 cmt. 3(A). However, because Movant's sentence was not enhanced under § 2L1.2(b)(1)(C), the definition for "aggravated felony" under that provision is inapplicable to him. *See* CR Doc. 25-1, ¶ 25.

2019); *Herrera-Morales v. United States*, No. 3:18-CV-1591-N-BT, 2019 WL 2719355, at \*2 (N.D. Tex. May 20, 2019) (finding that "the holding in *Dimaya* is limited to the application of 18 U.S.C. § 16(b)" and rejecting movant's challenge to alleged 16-level increase to offense level under the sentencing guidelines), *rec. adopted*, 2019 WL 2716702 (N.D. Tex. June 28, 2019).

Moreover, even if the sentencing guideline provision challenged by Movant involved and applied the unconstitutional language of §16(b), Movant's claim is foreclosed because "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017); *see also United States v. Godoy*, 890 F.3d 531, 537-40 (5th Cir. 2018) (holding that the definition of "crime of violence" under U.S.S.G. § 2L1.2 is not unconstitutionally vague after *Dimaya* and recognizing that "if the language of § 16(b) were cut-and pasted directly into the [Sentencing] Guidelines themselves, [a defendant] could not bring a void-for-vagueness challenge."). Movant's reliance on *Dimaya* to trigger § 2255(f)(3) here is accordingly misplaced. His § 2255 motion is therefore untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). To warrant equitable tolling, Movant must show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion is time-barred.

## IV.     EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

## V.      CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2019). This Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Movant has not made a showing that reasonable jurists would question this Court's rulings and **DENIES** a certificate of appealability for the above reasons.

## VI. CONCLUSION

For the reasons discussed herein, Movant's § 2255 motion is **DISMISSED** as barred by the statute of limitations.

**SO ORDERED** on this 13th day of August, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE